**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **SOUTHERN FIDELITY INSURANCE COMPANY** | * | **CIVIL ACTION NO. 2:22-cv-00136** |
| **Plaintiff** | * | |
| **VERSUS** | * | **JUDGE: SARAH S. VANCE** |
| **JOSEPH GOMEZ on behalf of the minor child, W.R., GREG CAVANAUGH, individually and on behalf of his minor child, S.C., TAMMY RADCLIFF, AND DEF INURANCE COMPANY COMPANY** | * | |
| **Defendant** | * | **MAG: MICHAEL NORTH** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT FOR DECLARATORY JUDGMENT

**NOW INTO COURT,** through undersigned counsel, comes Complainant, Southern Fidelity Insurance Company ("SFIC") who respectfully represents as follows:

### NATURE OF THE ACTION

1.

SFIC brings this Complaint against Joseph Gomez, on behalf of the minor child, W.R, Greg Cavanaugh, individually and on behalf of his minor child, S.C., and Tammy Radcliff. SFIC seeks, and is entitled to, a judicial declaration that SFIC has no obligation to defend or indemnify Greg Cavanaugh, individually or on behalf of his minor child, S.C. or any other Defendant, in relation to the claims asserted by Joseph Gomez on behalf of his minor child, W.R. on in the Underlying Claim (as defined below). Additionally, SFIC seeks, and is entitled to, a judicial declaration that

1

the SFIC Policy (as defined below) issued by SFIC to Greg Cavanaugh does not provide coverage for the claims asserted by Joseph Gomez in the Underlying Claim.

## THE PARTIES

### Plaintiff

2.

Southern Fidelity Insurance Company is an insurer who is domiciled in Florida and has its principal place of business in Tallahassee, Florida. SFIC is authorized to do and is doing business in the State of Louisiana within the jurisdiction of this Honorable Court.

### Defendants

3.

Defendant, Joseph Gomez, on behalf of the minor child, W.R., is a person of the full age of majority, who is domiciled in the Parish of St. Bernard, Louisiana. Upon information and belief, Joseph Gomez is the legal guardian and Grandfather for W.R[1]. Joseph Gomez resides within the Eastern District of Louisiana and has contacts sufficient for this Court to have personal jurisdiction over him.

4.

Defendant, Greg Cavanaugh, individually and on behalf and his minor child, S.C. is a person of the full age of majority and a domiciliary of the Parish of St. Bernard, Louisiana. Greg Cavanaugh resides within the Eastern District of Louisiana and has contacts sufficient for this Court to have personal jurisdiction over him.

5.

---

[1] Joseph Gomez, Plaintiff in the Underlying Claim is alleged to have legal custody over W.R. pursuant to a Judgment rendered in the 34th Judicial District Court St. Bernard Parish, under docket No.25096-J, Division C, on October 7, 2020.

2

Defendant, Tammy Radcliff, is a person of the full age of majority, who is domiciled in the Parish of St. Bernard, Louisiana. Tammy Radcliff resides within the Eastern District of Louisiana and has contacts sufficient for this Court to have personal jurisdiction over her.

6.

**JURISDICTION AND VENUE**

7.

This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. §§ 1332, 2201, and 2202. Complete diversity of citizenship exists between the parties, and the amount in controversy between SFIC and Defendants is in excess of $75,000.00, exclusive of interest and costs.

8.

Venue is proper in this District pursuant to 28 U.S.C. § 1391(a), (c) and (g).

**UNDERLYING CLAIM**

9.

Upon information and belief, Joseph Gomez is the legal guardian of the minor child, W.R, who are both domiciled in St. Bernard Parish.

10.

Upon information and belief, Greg Cavanaugh is the legal guardian of the minor child, S.C., who are both domiciled in St. Bernard Parish.

11.

Joseph Gomez alleges that on October 31, 2020, W.R. was trick-or-treating on Lamarque Drive in the Parish of St. Bernard, Louisiana. Joseph Gomez alleges that as W. R. was walking

on Lamarque Drive, he was struck by a 2009 EzGo RXV Golf Cart driven by the minor, S.C. and owned by Tammy Radcliff, resulting in injuries.

12.

Upon information and belief, the golf cart was owned at all times by Tammy Radcliff.

13.

Upon information and belief, at the time of the alleged incident, the minor child, S.C., had permission from the golf cart's owner, Tammy Radcliff, to operate the golf cart.

14.

Upon information and belief, at the time of the alleged incident, the golf cart was being used on a public road, Lamarque Drive, in the Parish of St. Bernard, State of Louisiana.

15.

Upon information and belief, at the time of the alleged incident, the golf cart was not registered for use on public roads or property as required by law under Louisiana Revised Statute § 32:299.4(D).

16.

Upon information and belief, at the time of the alleged incident, the Parish of St. Bernard did not permit golf carts to be operated on the public road, Lamarque Drive.

17.

Upon information and belief, at the time of the alleged incident, the golf cart was not being used in a private residential community or otherwise operating within the bounds of a property owners' association.

18.

Upon information and belief, at the time of the alleged incident, the golf cart was not being stored or used at a golfing facility.

19.

On October 29, 2021, Joseph Gomez, on behalf of the minor child, W.R., filed a Petition for Damages against Greg Cavanaugh, individually and on behalf of his minor child, S.C., Southern Fidelity Insurance Company (erroneously named as "ABC Insurance Company"), Tammy Radcliff, and DEF Insurance Company. The Petition alleges that the named parties are responsible for the aforementioned golf cart incident, and additional damages, under theories of negligence and liability. The Petition for Damages is attached hereto as **Exhibit A**.

20.

Specifically, Joseph Gomez, on behalf of the minor child, W.R., asserted in the Petition that W.R.. "sustained severe and painful injuries, [and] incurred medical expenses, along with other damages."

## THE SFIC POLICY

21.

SFIC issued Policy No. LVH 1008364 08 17 ("the Policy") to Greg Cavanaugh and Amy Cavanaugh for the property located at 4420 Ehrhard Drive, Meraux, Louisiana 70075. The Policy was effective from February 10, 2020, to February 10, 2021.

22.

The Policy was delivered to Greg Cavanaugh in Meraux, Louisiana, and within the jurisdiction of his Honorable Court. The Policy is attached hereto as **Exhibit B**.

23.

The Policy states as follows:

**SECTION II – EXCLUSIONS**
**A. "Motor Vehicle Liability"**

    **1.** Coverages E and F do not apply to any "motor vehicle liability" if, at the time and place of an "occurrence", the involved "motor vehicle":

        **a.** Is registered for use on public roads or property;

        **b.** Is not registered for use on public roads or property, but such registration is required by a law, or regulation issued by a government agency, for it to be used at the place of the "occurrence"; or

        **c.** Is being:

            **(1)** Operated in, or practicing for, any prearranged or organized race, speed contest or other competition;

            **(2)** Rented to others;

            **(3)** Used to carry persons or cargo for a charge; or

            **(4)** Used for any "business" purpose except for a motorized golf cart while on a golfing facility.

    **2.** If Exclusion **A.1.** does not apply, there is still no coverage for "motor vehicle liability" unless the "motor vehicle" is:

        **a.** In dead storage on an "insured location";

        **b.** Used solely to service the "insured's" residence;

        **c.** Designed to assist the handicapped and, at the time of an "occurrence", it is:

            **(1)** Being used to assist a handicapped person; or

            **(2)** Parked on an "insured location";

        **d.** Designed for recreational use off public roads and:

            **(1)** Not owned by the "insured"; or

            **(2)** Owned by the "insured" provided the "occurrence" takes place on an "insured location" as defined in Definitions **B. 6.a., b., d., e. or h.;** or

        **e.** A motorized golf cart that is owned by the "insured", designed to carry up to 4 persons, not built or modified after manufacture to exceed a speed of 25 miles per hour on level ground and, at the time of an "occurrence", is within the legal boundaries of:

            **(1)** A golfing facility and is parked or stored there, or being used by the "insured" to:

                **(a)** Play the game of golf or for other recreational or leisure activity allowed by the facility;

                **(b)** Travel to or from an area where "motor vehicles" or golf carts are parked or stored; or

                **(c)** Cross public roads at designated points to access other parts of the golfing facility; or

            **(2)** A private residential community, including its public roads upon which a motorized golf cart can legally travel,

which is subject to the authority of a property owners association and contains the "insured's" residence.

24.

Pursuant to the above policy language, SFIC is entitled to a declaration that the SFIC Policy does not provide coverage to Greg Cavanaugh and Amy Cavanaugh, individually or on behalf of their minor child, S.C., or any other Defendant, for Joseph Gomez's claims on behalf of W.R., and that SFIC has no obligation to defend or indemnify Greg Cavanaugh and Amy Cavanaugh, individually or on behalf of his minor child, S.C., in relation to same.

25.

SFIC is entitled to a declaration that the SFIC Policy does not provide coverage for Joseph Gomez's claims in the Underlying Claim.

26.

SFIC further pleads, the terms, conditions, provisions, and limitations contained in the Policy as if copied herein *in extenso.*

**WHEREFORE,** Complainant, Southern Fidelity Insurance Company, prays that Defendants be cited to appear and answer the Complaint herein within the delays fixed by law and that after due proceedings are had, that there be judgment in favor of Southern Fidelity Insurance Company, declaring that:

(1) Southern Fidelity Insurance Company has no contractual obligation under the Policy to defend, indemnify, or provide coverage to Greg Cavanaugh and Amy Cavanaugh, individually or on behalf of his minor child, S.C., or any other Defendant, for any attorneys' fees or costs incurred by Greg Cavanaugh in defending the Underlying Claim, or damages

awarded in favor of Joseph Gomez, on behalf of the minor child, W.R., or for damages that Greg Cavanaugh, or any other Defendant, agrees to pay in settlement of the Underlying Claim;

(2) Southern Fidelity Insurance Company is entitled to a judicial declaration that the Southern Fidelity Insurance Company Policy issued to Greg Cavanaugh does not provide coverage for the claims asserted by Joseph Gomez in the Underlying Claim; and

(3) For all other general and equitable relief as is reasonable.

Respectfully submitted,

**LAW OFFICES OF JASON FOOTE, LLC**

By: _/s/ Devin Caboni-Quinn_
    **JASON P. FOOTE (#25050)**
    **DEVIN CABONI-QUINN (#35447)**
    **KALEIGH K. ROONEY (#40034)**
    2821 Richland Avenue, Suite 202
    Metairie, Louisiana 70002
    Telephone: 504-324-8585
    Facsimile: 504-324-8496
    Email: jfoote@footelawoffices.com;
    dcaboni@footelawoffices.com;
    krooney@footelawoffices.com
    **Counsel for Complainant Southern Fidelity Insurance Company**

**PLEASE SERVE:**

JOSEPH GOMEZ, on behalf of the minor child, W.R.
Through their attorney of record
Alan G. Bouterie, Jr.
Melanie M. Licciardi
Bouterie Law Firm, APLC
2110 Pakenham Drive
Chalmette, LA 70043

GREG CAVANAUGH, individually and on behalf of his minor child, S.C.
Through their attorney of record
Nicholas Cusimano
Law Offices of Michael C. Ginart, Jr.
2114 Paris Road
Chalmette, LA 70043

TAMMY RADCLIFF
Through her attorney of record
Paul Tabary
3 Courthouse Square
Chalmette, LA 70043