UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SOUTHERN FIDELITY INSURANCE COMPANY                                      CIVIL ACTION

VERSUS                                                                                          NO. 22-136

JOSEPH GOMEZ, ET AL.                                                               SECTION "R" (5)

## ORDER AND REASONS

Before the Court is plaintiff Southern Fidelity Insurance Company's ("SFIC") unopposed motion for summary judgment.[1] For the following reasons, the Court grants the motion.

## I.   BACKGROUND

This case arises from a golf cart collision that occurred on a public road in St. Bernard Parish on October 31, 2020.[2] Joseph Gomez, on behalf of his grandson, W.R., alleged in a separate action filed in the 34th Judicial District Court for the Parish of St. Bernard (the "Underlying Action") that S.C., the minor child of Greg Cavanaugh, collided with W.R. while S.C. was driving Tammy Radcliff's golf cart on Lamarque Drive, a public road in St. Bernard

---

[1]   R. Doc. 11.
[2]   R. Doc. 11-1 at 2 (Statement of Uncontested Material Facts ¶ 2).

Parish.[3]  Gomez further alleged that, as a result of the negligence of Cavanaugh and Radcliff, W.R. was severely injured and incurred medical expenses.[4]  Gomez also named SFIC as a defendant in the Underlying Action based on a homeowner's insurance policy that SFIC issued to Greg Cavanaugh and his wife, Amy Cavanaugh.[5]

The SFIC policy covered the Cavanaugh's property located in Meraux, Louisiana.[6]  It also included coverage for personal liability and medical payments to others.[7]  In relevant part, the insurance policy excludes from its personal-liability and medical-payments-to-others coverage any "motor vehicle liability" involving a motor vehicle that (1) "[i]s registered for use on public roads or property," or (2) "[i]s not registered for use on public roads or property, but such registration is required by a law, or regulation issued by a government agency, for it to be used at the place of the 'occurrence.'"[8]

Plaintiff filed this declaratory action on January 24, 2022, asserting that the insurance policy does not cover the claims asserted by Gomez on

---

[3]  R. Doc. 11-1 at 1-2 (Statement of Uncontested Material Facts ¶¶ 1-3).
[4]  R. Doc. 11-1 at 1-2 (Statement of Uncontested Material Facts ¶¶ 1-2); R. Doc. 11-5 at 3 (Petition for Damages ¶ X).
[5]  R. Doc. 11-1 at 2 (Statement of Uncontested Material Facts ¶ 5).
[6]  R. Doc. 11-1 at 2 (Statement of Uncontested Material Facts ¶ 6).
[7]  R. Doc. 11-6 at 26-27 (SFIC Insurance Policy).
[8]  R. Doc. 11-6 at 27 (SFIC Insurance Policy).

behalf of W.R. in the Underlying Action.[9]  Plaintiff also sought a judicial declaration that the insurance policy does not require plaintiff to indemnify, defend, or provide coverage to Cavanaugh or any other defendant for attorneys' fees or costs incurred by Cavanaugh in defending the Underlying Action, for damages awarded in favor of Gomez, or for any settlement amount.[10]

Plaintiff now moves for summary judgment, asserting that it is not contractually obligated to defend, indemnify, or provide coverage for the events described in the Underlying Action because the golf cart at issue was legally required to be, but on information and belief was not, registered for use on public roads or property as an off-road vehicle, so it is excluded from coverage under the insurance policy.[11]  Plaintiff contends in the alternative that if the golf cart were so registered, there is no coverage because the policy excluded coverage for incidents involving motor vehicles registered for use on public roads.[12]  Defendants do not oppose plaintiff's motion.  The Court considers the motion below.

## II.   LEGAL STANDARD

---

[9]   R. Doc. 1 at 1-2 (Complaint ¶ 1).
[10]  R. Doc. 1 at 7-8 (Complaint ¶ 26).
[11]  R. Doc. 11-2 at 6-7.
[12]  R. Doc. 11-2 at 6-7.

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). "When assessing whether a dispute to any material fact exists, [the Court] consider[s] all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2738 (2d ed. 1983)); *see also Little*, 37 F.3d at 1075. "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence

4

which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (quoting *Golden Rule Ins. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)). "[T]he nonmoving party can defeat the motion" by either countering with evidence sufficient to demonstrate the "existence of a genuine dispute of material fact," or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for resolution. *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the

existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322)).

In the Fifth Circuit, a district court may not grant a "default" summary judgment on the ground that it is unopposed. *Morgan v. Fed. Express Corp.*, 114 F. Supp. 3d 434, 437 (S.D. Tex. 2015) (collecting cases). Even in the context of unopposed motions for summary judgment, the movant must still show that there is no genuine issue of material fact, and that it is entitled to summary judgment as a matter of law. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 363 n.3 (5th Cir. 1995). When a motion for summary judgment is unopposed, a court may accept the movant's evidence as undisputed. *Morgan*, 114 F. Supp. 3d at 437 (quoting *UNUM Life Ins. Co. of Am. v. Long*, 227 F. Supp. 2d 609 (N.D. Tex. 2002)). Nevertheless, if the moving party fails to meet its burden, the Court must deny its motion for summary judgment. *Hetzel*, 50 F.3d at 362 n.3.

### III. DISCUSSION

To recover on an insurance policy, "an insured must prove that its loss is covered by the policy." *Whitehead v. Curole*, 277 So.3d 409, 412 (La. App. 1 Cir. 2019). "The interpretation of an insurance contract presents a question of law, rather than of fact, and therefore is an appropriate matter for

6

determination by summary judgment." *Martco Ltd. P'ship v. Wellons, Inc.*, 588 F.3d 864, 878 (5th Cir. 2009) (citing *Bonin v. Westport Ins. Co.*, 930 So.2d 906, 910 (La. 2006)). "When the language of an insurance policy is clear and unambiguous, a reasonable interpretation consistent with the obvious meaning and intent of the policy must be given." *Robinson v. Heart*, 809 So.2d 943, 945 (La. 2002); *see also Goodwin v. Western Heritage Ins. Co.*, 880 So.2d 985, 987 (La. App. 2 Cir. 2004) ("The issue of coverage accorded by an insurance contract can be resolved appropriately on summary judgment when the evidence supporting the motion does not offer any other reasonable interpretation of the policy.").

Plaintiff submitted uncontroverted evidence that under the terms of the insurance policy, if the golf cart is registered, liability arising from the Underlying Action is excluded from coverage on the grounds that the golf cart is a motor vehicle that "[i]s registered for use on public roads or property."[13] If the golf cart "[i]s not registered for use on public roads or property, but such registration is required by a law,"[14] the incident is likewise excluded from coverage under the policy. Here, the golf cart was required to be so registered—La. Rev. Stat. § 32:299.4(D) requires that golf carts

---

[13]  R. Doc. 11-6 at 27 (SFIC Insurance Policy).
[14]  R. Doc. 11-6 at 27 (SFIC Insurance Policy).

7

operated upon parish roads or municipal streets "shall be registered with the state of Louisiana through the Department of Public Safety and Corrections, office of motor vehicles, as an off-road vehicle and shall display a decal issued by the office of motor vehicles." Hence, there would be no coverage here.

Accordingly, regardless of the registration status of the golf cart, the insurance policy does not cover the collision described in the Underlying Action. Defendants have identified no specific facts that establish a genuine issue for resolution. Plaintiff is thus entitled to summary judgment.

## IV. CONCLUSION

For the foregoing reasons, plaintiff's motion for summary judgment is GRANTED.

New Orleans, Louisiana, this __11th__ day of August, 2022.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE